UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KEVIN ESTEVEN ORTIZ NAVARRO,

                Petitioner,

v.

UNKNOWN PARTY et al.,

                Respondents.
_____/

Case No. 1:26-cv-1462

Honorable Hala Y. Jarbou

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court grants Petitioner leave to proceed *in forma pauperis* in this action. (ECF No. 3.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I.  Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or to provide Petitioner with another bond hearing. (Pet., ECF No. 1, PageID.2.)[1]

---

[1] Petitioner also filed two motions asking the Court to order Respondents to take certain actions during the pendency of the action and asking the Court to stay Petitioner's transfer and removal during the pendency of the action. (ECF Nos. 4. 5.) In this opinion, the Court resolves this action.

In an order entered on  May 29, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 7.) Respondents filed their response on June 2, 2026. (ECF No. 8.)

## II.     Relevant Factual Background

On February 19, 2026, the Court conditionally granted Petitioner's first habeas petition, which had challenged his initial detention without a bond hearing. Op. & J., *Ortiz Navarro v. Unknown Party* (*Ortiz Navarro I*), No. 1:26-cv-275 (W.D. Mich. Feb. 19, 2026), (ECF Nos. 10, 12). Thereafter, pursuant to the Court's February 19, 2026, opinion and judgment, the Detroit Immigration Court held a § 1226 bond hearing. Status Report, *id.*, (ECF No. 13). Following the hearing, in a written order issued on February 26, 2026, the Detroit Immigration Court denied bond, stating: "flight risk." Order Immigration Judge, *id.*, (ECF No. 13-1).

On March 23, 2026, Petitioner filed a second habeas petition challenging the constitutionality of the February 26, 2026, bond hearing. Pet., *Ortiz Navarro v. Unknown Party #1* (*Ortiz Navarro II*), No. 1:26-cv-947 (W.D. Mich. Mar. 23, 2026), (ECF No. 1). In an opinion and judgment entered on April 20, 2026, the Court dismissed Petitioner's petition without prejudice, concluding that Petitioner must first exhaust his administrative remedies because "Petitioner's specific claims involve challenges to the immigration judge's factual determinations in the bond decision," and "Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment." Op., *id.*, (ECF No. 15, PageID.75).

In the present action, Petitioner contends that "new evidence," which consists of "additional family declarations" and information about "[a] stable residence and family support,"

---

In light of this, the entry of this opinion and the corresponding judgment moots Petitioner's pending motions (ECF Nos. 4 and 5.)

"defeats [the Immigration Court's] flight risk finding." (Pet., ECF No. 1, PageID.2 (capitalization changed and emphasis omitted).)

### III.    Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Analysis

In Petitioner's present § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or to provide Petitioner with another bond hearing. (Pet., ECF No. 1, PageID.2.) In support of this requested relief, Petitioner argues that "new evidence defeats [the Immigration Court's] flight risk finding." (Pet., ECF No. 1, PageID.2 (capitalization changed and emphasis omitted).) Specifically, Petitioner states that he has "additional family declarations" and "has [a] stable residence and family support." (*Id.*)

In this action, Petitioner does not challenge the constitutionality of the February 26, 2026, bond hearing. Instead, Petitioner seeks to present additional support for his bond request. However, to the extent that Petitioner believes a change in circumstances warrants the Immigration Court's reconsideration of his prior bond denial, such a request must be made to the Immigration Court. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

Accordingly, because Petitioner received a § 1226 bond hearing on February 26, 2026, and he does not challenge the constitutionality of that hearing, the Court will dismiss his claim regarding the bond hearing.

Petitioner also presents claims regarding the conditions of his confinement at the North Lake Processing Center. (*See generally* Pet., ECF No. 1.) Although in certain limited circumstances, conditions of confinement claims may be brought in habeas corpus actions, Petitioner's conditions of confinement claims are not properly brought in this action. If Petitioner wishes to file a civil rights action regarding the conditions of his confinement, he is free to do so. Because Petitioner's claims are not properly before the Court at this time, the Court will dismiss the petition.

## **Conclusion**

For the reasons set forth above, the Court will enter a judgment dismissing the petition without prejudice.

Dated: June 9, 2026                         /s/ Hala Y. Jarbou
                                            HALA Y. JARBOU
                                            CHIEF UNITED STATES DISTRICT JUDGE